

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 21, 1967

Honorable James E. Jeffrey
County Attorney
Taylor County Courthouse
Abilene, Texas

Opinion No. M-107

Re: Whether a Commissioners
Court is authorized to
designate a bank as
county depository under
the facts and circum-
stances presented

Dear Mr. Jeffrey:

You have requested the opinion of this office re-
garding the above question. In this connection you have sup-
plied the following facts:

"A certain bank desires to be designated
as a county depository to receive funds which
will result from a bond issue as a result of
an election this year. The bank could not file
an application to qualify as a county depository
at the February regular term because one of the
members of the Commissioners Court is a director
and owns stock in such bank. We understand that
Legislation was enacted this year removing such
inhibition in situations where a county official
owned less than 10% of the stock in a bank seek-
ing designation as a county depository. The mem-
ber of the Commissioners' Court owns less than
10% of the stock in the bank, and he is still a
director."

In examining the question you have posed, the follow-
ing statutes, quoted in pertinent part, are applicable:

"Art. 2544. The Commissioners Court of each
county is hereby authorized and required at the
February Regular Term thereof next following each
general election to enter into a contract with any
banking corporation, association or individual
banker in such county for the depositing of the
public funds of such county in such bank or banks.
Notice that such contracts will be made by the
Commissioners Court shall be published by and

- 489 -

over the name of the County Judge, once each
week for at least twenty (20) days before the
commencement of such term in some newspaper
published in said county; . . . ."

"Art. 2545. Any banking corporation,
association or individual banker in such
county desiring to be designated as county
depository shall make and deliver to the
County Judge an application applying for
such funds and said application shall state
the amount of paid up capital stock and per-
manent surplus of said bank and there shall
be furnished with said application a statement
showing the financial condition of said bank
at the date of said application which shall
be delivered to the County Judge on or before
the first day of the term of the Commissioners
Court at which the selection of the deposi-
tories is to be made. . . ."

"Art. 2546. It shall be the duty of the
Commissioners Court at ten o'clock a. m. on
the first day of each term at which banks are
to be selected as county depositories, to con-
sider all applications filed with the County
Judge, cause such applications to be entered
upon the minutes of the Court and to select
those applicants that are acceptable and who
offer the most favorable terms and conditions
for the handling of such funds and having the
power to reject those whose management or con-
dition, in the opinion of the Court, does not
warrant placing of county funds in their pos-
session. . . ."

The statutes above quoted grant to the Commissioners
Court the authority to select a county depository or deposi-
tories at a certain time and by following a specified procedure.
This office has previously declined to approve any variation
from the established procedure. Attorney General's Opinion
O-3832 (1941) expressed the view that a county may properly
designate one or more banking institutions as county deposi-
tories, but only if such depositories are selected from "those
banking institutions who have regularly made application in
accordance with the statutes." Attorney General's Opinion
O-4451 (1942) cited Attorney General's Opinion O-3832 with ap-
proval, and declined to approve a plan which called for varia-
tion of the depository rules established by statute.

The contention has been advanced that an enactment of the 60th Legislature can be construed to make it permissible for the particular bank involved in your question to become qualified as a county depository immediately. The new statute in question is Acts, 60th Legislature, 1967, Chapter 179, Page 370, codified as Article 2529c, Vernon's Civil Statutes. This Act provides, in essence, that a bank shall not be disqualified from becoming the depository for any political subdivision by virtue of the fact that a member of the Board or Commission selecting such depository holds ten percent or less of the bank's outstanding capital stock. This Act went into effect as an emergency measure on May 12, 1967. The said new statute does not purport to amend or repeal any of the statutes controlling the selection of county depositories in this State. This Act by its terms overruled the common law rule regarding conflicts of interest where the public official concerned with selecting the depository holds ten percent or less of the outstanding capital stock in the said depository. It is the view of this office that the said statute has the effect of making the bank in question immediately eligible for selection as a county depository, but such selection may nevertheless be made only at such time as a county depository may properly be selected by the county government.

In answer to your specific question, you are advised that it is the opinion of this office that the Commissioners Court of a county does not have the authority to designate a bank other than the properly established county depository or depositories to receive special funds resulting from a county bond issue.

## S U M M A R Y

Under the stated facts, the Commissioners Court of a county does not have the authority to designate a bank as a county depository in addition to other qualified depositories to receive funds resulting from a county bond issue.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

Hon. James E. Jeffrey, page 4, (M-107)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Jack Sparks
Scott Garrison
Marietta Payne
John Duren

A. J. Carubbi, Jr.
Staff Legal Assistant